482      APPELLATE COURTS OF ILLINOIS.

Stapleton v. National Council, K. & L. of Security, 192 Ill. App. 482.

that does not show that a former adjudication upon such bond, in an action by the successor in office of the sheriff who had since died, was upon the merits is open to demurrer.

3. REPLEVIN, § 204*—*when receipt admissible in connection with return.* Where the return of the sheriff to a writ of replevin specifically refers to the receipt thereon indorsed for a description of the property returned, such receipt may be considered as part of the record in connection with the return, and is admissible in evidence in an action upon the bond for the purpose of showing that all of the property mentioned in the writ was not in fact delivered to the replevin plaintiff.

---

## Anna Stapleton, Appellee, v. National Council of the Knights and Ladies of Security, Appellant.

### Gen. No. 20,341.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914.   Affirmed.   Opinion filed April 28, 1915.

### Statement of the Case.

Action by Anna Stapleton in the Superior Court of Cook county against the National Council of the Knights and Ladies of Security to recover the benefit of a certificate issued to Anna A. Stapleton, the deceased daughter of the defendant, wherein a trial by jury resulted in a verdict and judgment against the defendant for $801.50.   To reverse the verdict of the jury and the judgment thereon, defendant appeals.

A. W. FULTON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 338*—*when insurer bound by acts of physician.* A life insurance company is bound by the acts of its regular examining physician who acts within the scope of his authority in filling out the application for insurance.

2. INSURANCE, § 904*—*when evidence shows statement of true age at time of application.* Evidence in action on a benefit certificate *held* to sustain plaintiff's claim that insured in applying for insurance gave her true age to defendant's physician, but the latter inserted an incorrect age, the applicant at the time having been about two months under the minimum age required for membership.

3. APPEAL AND ERROR, § 1256*—*when party cannot complain of error.* A party to an action cannot complain of an instruction in his favor.

---

### The People of the State of Illinois, Defendant in Error, v. John R. Brown, Plaintiff in Error.

### Gen. No. 20,546.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded with directions. Opinion filed April 28, 1915.

### Statement of the Case.

Prosecution by The People of the State of Illinois in the Municipal Court against John R. Brown for the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,